All right, Mr. Ali. Okay, may it please the court. Good morning, your honors. Zulu Ali on behalf of the petitioner. I want to begin my comments with the agency's decision regarding the proper consideration of petitioners' mental health under the particular serious crimes analysis. In the decision, the BIA stated that the immigration judge considered the domestic problems that the respondent encountered and concluded that the impact of these problems on his mental state did not reduce the seriousness of the offense. And I believe that in the decision, that this did not reflect the actual statement by the immigration judge. The immigration judge basically, in fact, stated that the respondent's emotional state at the time of the incident does not alter the court's findings as to the severity of the crime itself. And I do not believe that that is sufficient, as it fails to meet the degree of clarity that is required to be addressed on the issue. And I don't think it really clarifies the state of his mental health. The reason he didn't suggest that he had any diagnosis or anything, right? I mean, he said that he was having a lot of issues with his marriage and that he was very upset. I mean, was that an unfair characterization of what he said? I don't think that was an unfair necessarily characterization of what he said. However, there was additional testimony, I believe, by the petitioner's mother, who basically stated at that particular time he was suicidal, which I think bears more to the issue as to his mental state at the time. I think that the reason why I thought that was insufficient, and I believe that this matter should, at least on that particular issue, be remanded for reconsideration and clarification, is number one, I don't think this is really an issue of an emotional state. I think this is clearly an issue of a mental state. And I believe that the IJ should have been more explained their decision as it relates to his mental state. So in other words, here it says the respondent's emotional state at the time of the incident does not alter the court's findings as to the severity of the crime emotional state at the time was not enough to change the severity of the crime. I mean, it's really extremely unclear as to the analysis that the immigration judge did in this particular case. Plus, I think that the emotional state is a lot different than a mental state. The immigration judge says it's emotional state. The Board of Immigration Appeals says it's mental state. They're not the same thing. Maybe technically they're not, but I think they both meant the same thing. Yeah, and I think that that's, I believe, you know, and I know that that's kind of like parsing words, but I think considering the circumstances, I think that's really important because I think the court... To position whether this is the case, you're not contesting the DUI as a particularly serious crime, except on that basis. I am, I mean... Therefore, just let me finish. So my understanding is that since one particular serious crime is sufficient, unless we agree with you on this, then the particularly serious crime status of the other crime doesn't make a question. If we do not agree with your argument regarding the mental state issue, do we have to proceed to the other crime that's at issue? Well, Your Honor, I would not like to concede to it. However, I do have to be somewhat honest with the court with regards to, and I know that I've held arguments about the issue of DUI. This is a DUI that did result in the taking of someone's life. So I would love to argue that. I know it's a hard-pressed argument. However, I would submit to the court on the issue of that, and I do believe that if the court does not find that the issue of the mental state should be addressed, then I think as an officer of the court, I don't want to necessarily say that the court erred in finding that it would be a particularly serious crime. But my question was a little different. That since there only needs to be one particularly serious crime, if that, as you describe it, were what we know, never mind, is that right? This incident with the brother-in-law and whether he was backing up and the assault conviction, essentially. There would be no reason to worry about it. If you're to find that this one is a particularly serious crime. Right. And so that's what I... You're free to argue about it, but I just wanted to get the situation clear. Right. And Your Honor, with regards to the, and I will go to the 245A4 next under the judge in this particular case, actually in her analysis and making the with the credibility of the witness when he describes what he was actually engaged in at the time that the incident took place, she made reference to the CalCrim and the elements of the CalCrim stating that his statement of it being an accident is inconsistent with the elements of the crime based upon the CalCrim. However, that is incorrect. The CalCrim basically does not require a showing of the incident under a 245A4 to actually be a willful conduct. It doesn't have to be willful conduct in order for it to be, for a person to be found guilty of a 245A4. Specifically, it states in the jury instructions that she made reference to that the prosecutor does not have to show that there was willfulness or that intent, I'm sorry, intent to use force. They do not have to show that there was intent to use force. So, in other words, I think that the IJ was wrong and the agency. I thought he has to have intent to show force, but not intent to injure somebody. No, no, not, not, it doesn't say intent to use force. It says specifically in the jury instructions, the people are not required to prove that the defendant will actually intended to use force against someone when he acted. That's actually in the jury instructions itself. So I think that in light of her utilizing the jury instructions to do her analysis, I would suggest that what the the defendant's explanation would be consistent with the CalCrim 875 in this particular case. Both with regards to the issue of the credibility finding and both to the issue as to whether the offense is a particularly serious crime. And I want to also address the issue of the the the BIA statement with regards to. Well, let me just go back to this for a minute. He has to have acted willfully, right? He said it was accidental. That was inconsistent that he accidentally hit the car. They didn't. He didn't. Is that is can you willfully accidentally hit a car? Well, I think you can willfully. Well, I don't think he was charged with hitting the car. I think he was actually charged with actually assault the resulting damage or injury to another individual. So I think that although he might have hit the car accidentally, I think the ultimate subsequent action that caused any injury to another person could have been accidental. So I think that the and I think that's the difference that he actually didn't plead guilty, even though they kept saying he was pleading guilty. He pled nolo. I think it could make a difference, Your Honor, and the reason why I say that is because for the purposes of immigration, I think that it would matter because I think that the only time that a no contest plea is relevant would be any to as to any subsequent criminal offense. So, in other words, it would be a prior for a criminal offense if he was charged again. However, I think that it released him a civil liability, which is the reason why people plead no contest. And to the extent that. And to the extent that an immigration in terms of whether there is a credibility issue, it might make a difference whether he said that this was what happened or he didn't take a position as to what actually happened. That that would be true, Your Honor, I mean, I think legally that would be the the the issue of why taking a no contest plea does not is not an admission with regards to any other proceeding outside of another criminal proceeding. All right, you're actually over your time. We'll give you a minute in rebuttal. Thank you very much.  Yes, Mr. Halt. I plead the court John Holt for the Attorney General. The court should dismiss the petition of review because petitioner was convicted of an aggravated felony and separate and independently. He was convicted of a particularly serious crime of an aggravated DWI. The issue before the court is whether petitioners presented a colorable claim of either law or the Constitution under the Constitution. The answer is no. The reason why he has not presented a colorful claim is because of two important undisputed facts. It's undisputed that petitioner was convicted of an aggravated felony. He was charged, he pled, he did not challenge that before the board, the immigration judge, or before this court. Secondly, he was convicted of the particularly serious crime of driving under the influence causing bodily injury. As your questions to my good colleague pointed out, either one of those two convictions, which the agency both identified as particularly serious crimes, are dispositive with regard to his eligibility for withholding of removal and protection under the cap. So the court, as you pointed out, does not need to address the aggravated assault. You can focus entirely on the aggravated DUI. And what makes this case different than all the other cases that you've heard today is that, first of all, there's well-established case law, Ortiz, Gutsman, Acevedo, Mendez, which established that an aggravated DUI is a particularly serious crime. The court's expressed concern whether or not a simple DUI is a particular serious crime. That is not this case, as my good colleague so candidly conceded. This is a very serious and aggravated DUI, and it caused serious bodily injury. More importantly, the agency did the plenary analysis to establish the foundation and test group of the factors relevant to that determination. This case is different in that there is both documentary evidence and testimony with regard to the circumstances of the aggravated DUI. With regard to the background, we have, first of all, the record of the deportable alien that reports the conviction. We have the complaint. We have the minute order and the FBI rap sheet. There's no dispute the petitioner was convicted of this aggravated DUI. And the petitioner availed himself of the opportunity to try to explain the circumstances surrounding his DUI conviction to ameliorate or exonerate or as an extenuating circumstance. But things went from bad to worse. On pages 298 through 304 and pages 307, okay, he addresses in detail the circumstances. He admits that he hurt someone, that he hit a person, that he was driving with a .8 alcohol. He admitted he was driving late at night, and he admitted that the circumstances surrounding his drinking and driving related to marital difficulty. He said, quote, I'm drinking a lot. The immigration judge was not satisfied with counsel's questions to petitioner, but indeed, personally, asked petitioner more questions to flesh out the circumstances of the crime. From pages 307 through 309, the immigration judge established that petitioner, and these are his words, lost control of the car. And in more detail, he admitted that he hit a parked car with his big vehicle and caused the parked car to go up onto the curb and seriously hurt two pedestrians. The parked car hit that couple, and the personal injury was so significant, the petitioner actually paid over $6,500 in restitution to the victim. The sentence included not only a two-year sentence for this crime, but also a sentence enhancement. On page 663 of the record, the complaint, the complaint formally charges petitioner with aggravated circumstances that include causing personal injury and causing injury to more than one person. If I may, there's been no contest to any of this by the petitioner in his brief. And as his lawyer just admirably stated, it was because he has no doubt that the substance of this is a particularly serious crime under our case law. And the only thing he's asking us to consider is the evidence by him and by his mother, particularly, that he was suicidal at the time, his mother said, and having major issues. That's my understanding is that that's the only argument that's being made to us at this point with regard to that crime. So, would you like to comment on that? Well, the agency did protect, did address that extenuating circumstance, the unfortunate circumstance of his alcohol self-medication. Well, it certainly didn't say a whole lot about it, did it? It said very little. Oh, they didn't. But in light of the other factors, we would say that that sole circumstance, singular circumstance is unavailing to otherwise undermine what's a very plenary agency decision establishing this is a particular serious crime. Unless there are other questions, I would submit that the case... We have a relatively recent case about the place of mental health and evidence in a particular serious crime analysis. I'm forgetting its name for the moment. What's the name of the case? Certainly, that's a factor to consider. And the judge is always obliged to consider the totality of the circumstances. But here, the board addressed his mental health and the immigration judge addressed the emotional health. And that related to some circumstances that the petitioner presented to the court of his alcohol abuse and self-medication. So, we would say that the record is fleshed out in that regard and it's not problematic for the agency decision in any way. Unless there are further questions, we would say yes. All they said was, we recognize he's making that argument, but we reject it. Pretty much is what they said, right? Well, I think they gave more than that. The immigration judge specifically noted that the petitioner was drinking because of his estrangement from his wife. And the circumstances surrounding his drinking were fully developed by the petitioner saying that it had been a significant problem and he had engaged in self-medication. He also indicated that there had been improvement, which is a good circumstance. But nonetheless, that didn't provide a sufficient extenuating circumstance to render the conviction not a particularly serious crime. Seems hard to know how you would even factor that in. Although, as I say, we do have this one case saying that you do. I mean, if he was convicted, presumably he was both competent to stand trial and didn't have a mental health defense. So I'm not sure what you'd do with it at that point. Although, we have a case that clearly says you're supposed to. Well, it's a factor to consider. And the important point is that the factors permit petitioner to present to the court whatever factors petitioner and his counsel or her counsel identify is either extenuating or mitigating. And then whatever those factors are, it's appropriate for the agency to consider. I mean, this goes back to my major problem, which is what are we trying to understand when we understand whether it's a particularly serious crime? My understanding is that the most that has been said is that it's not whether the guy is dangerous now, but whether the crime demonstrates that he was dangerous at the time. And that's it. I mean, there's just no reference point as to what it is that we're supposed to be figuring out. Your Honor, the facts of this case identify a particular serious crime when you appreciate the petitioner was a drunk driver. Drove a large vehicle into a parked car, pushed the car up onto the sidewalk, while struck two pedestrians, two citizens just walking in the evening on a sidewalk late at night at nine o'clock. And causing a very significant injury to both of them, so significant that they were taken to the hospital and thousands of dollars of restitution was ordered. So whatever standard you might try to articulate, those facts would fit that standard. And so we would ask you to just... You have about 18 seconds. We would ask you to dismiss the petition for review because the petitioner has not established a constitutional claim. Thank you. Okay, Mr. Ali. Your Honor, with regards to the issue of the particular serious crime, I think that regardless, I think the law is really clear. I believe the case that Your Honor is speaking of is actually Gomez-Sanchez v. Sessions. That may be the case that you're referring to. However, I do believe that according to the law, that should be something that the courts should clearly consider in this analysis of whether there is a particular serious crime under that particular case. So I would ask that the court... We have a problem with the video. You're not on video. I'm trying to fix that now, Your Honor. Let's see. I don't know what happened. Did I come back? There you are. So how do you take that into account? I mean, you say, well, I mean, he did whatever he did. He hurt the person, so on. He apparently, you know, didn't have a defense to the crime. So, and we're not supposed to be looking at whether, if the question was, is he dangerous now? It might be relevant because we would say, well, he was, you know, had these problems then, but he doesn't have them now, so he's not dangerous anymore. But that's not what we're supposed to be considering, as I understand it. We're supposed to be considering whether the conviction demonstrated that he was dangerous. So how does it fit in exactly? How would you argue that we ought to take, it should have been taken into account? I think it's one of those areas where the court has recognized that post-conviction mitigating circumstances should be considered. I think that, you know, because, you know, oftentimes mental illness at the time of an issue or of an incident, especially when we're talking about the nature and seriousness of the crime, when someone may have been suffering from some sort of mental illness. At the time that may or may not had any impact of the criminal conviction itself, it actually should be something that the immigration judge should consider when it's also doing its analysis, analysis of the nature and the seriousness of the crime. So I think that that's where it would be brought in and that the court has recognized that mental illness and mental issues that may not necessarily impact the criminal aspect of it could impact it as far as an analysis for determining particularly serious crime issues. All right. You've been very helpful, both of you. Thank you. The case of Gonzalez-Churchill v. Garland is submitted. We'll go to FICRA v. FBI.
judges: BERZON, RAWLINSON, Antoon